# Exhibit A

| | |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | **SUM-100** |

<table>
<tr><td>

**NOTICE TO DEFENDANT:** EQUITY LIFESTYLE PROPERTIES,
*(AVISO AL DEMANDADO):* INC., THOUSAND TRAILS MANAGEMENT
SERVICES, INC., MHC THOUSAND TRAILS LIMITED
PARTNERSHIP, MHC NAC, L.L.C., MHC PROPERTY
MANAGEMENT LP, and DOES 3 through 10, inclusive

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Riverside

**7/17/2020**
**L. Melendrez**

**Electronically Filed**

</td></tr>
</table>

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROGER COFFELT as successor in interest to JEANNIE
COFFELT

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California<br>4050 Main Street<br>Riverside, CA 92501 | CASE NUMBER:<br>*(Número del Caso):*  **RIC2002802** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JOSHUA H. WATSON, SBN 238058                    916-777-7777
CLAYEO C. ARNOLD, PC
865 Howe Ave
Sacramento, CA 95825

| DATE:  **7/17/2020** | Clerk, by *Lourdes Melendrez* | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | *Legal Solutions Plus* | Code of Civil Procedure §§ 412.20, 465 |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Clayeo C. Arnold, SBN 65070
JOSHUA H. WATSON, SBN 238058
CLAYEO C. ARNOLD, PC
865 Howe Ave
Sacramento

TELEPHONE NO.: 916-777-7777   FAX NO.: 916-777-7777
ATTORNEY FOR *(Name):* Plaintiff Roger Coffelt

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME: Coffelt v Equity Lifestyle Properties

**FILED**
Superior Court of California
County of Riverside
**7/17/2020**
**L. Melendrez**
Electronically Filed

| **CIVIL CASE COVER SHEET** | Complex Case Designation | CASE NUMBER: **RIC2002802** |
|---|---|---|
| [X] **Unlimited** [ ] **Limited** (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* One

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 2, 2020

Joshua H. Watson
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

Legal Solutions Plus

1  Clayeo C. Arnold, SBN 65070
   JOSHUA H. WATSON, SBN 238058
2  CLAYEO C. ARNOLD, APC
   865 Howe Avenue
3  Sacramento, CA 95825
   Telephone: (916) 777-7777
4  Facsimile: (916) 924-1829
5  Email: jwatson@justice4you.com

6  Darren Guez, SBN 282023
7  THE DARREN GUEZ LAW FIRM
   1810 S St
8  Sacramento, CA 95811
   Telephone: (916) 520-0988
9  Email: darren@guezlaw.com

10 Attorneys for Plaintiffs
11 *Roger Coffelt Jr. as*
   *successor in interest to*
12 *Jeannie Coffelt*

13                SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                              RIVERSIDE COUNTY

15

16 ROGER COFFELT as successor in interest to      Case No.:  **RIC2002802**
   JEANNIE COFFELT,
17                                                 COMPLAINT
                    Plaintiffs,
18

19                      vs.                        *Jury Trial Demanded*

20 EQUITY LIFESTYLE PROPERTIES, INC.,
21 THOUSAND TRAILS MANAGEMENT
   SERVICES, INC., MHC THOUSAND
22 TRAILS LIMITED PARTNERSHIP, MHC
   NAC, L.L.C., MHC PROPERTY
23 MANAGEMENT LP, and DOES 3 through
24 10, inclusive,

25            Defendants.

26        Comes now Plaintiff Roger Coffelt, as Successor in Interest to Jeannie Coffelt, who

27 alleges and complains as follows on information and belief, and who prays for relief from the

28 court.

                                              1

1.     On October 15, 2018, Roger Coffelt and Jeannie Coffelt filed a complaint in the United States District Court for the Central District of California under case number 5:18-cv-02186-CJC-SP ("the federal lawsuit").

2.     Jeannie Coffelt died in September 2019.

3.     A first amended complaint was filed on February 14, 2019 under docket number 34 naming Roger Coffelt as Successor in Interest to Jeannie Coffelt as the sole plaintiff in the federal lawsuit.

4.     On June 5, 2020, the United States District Court ordered the federal lawsuit dismissed for lack of subject matter jurisdiction without prejudice to file in state court.

5.     Jurisdiction and venue are appropriate in this court because the acts and omissions which gave rise to this matter occurred in Menifee, which is located in Riverside California.

5.     Attached hereto as Exhibit A is the complaint which was dismissed by the United States District Court. It is incorporated into this complaint by reference.

6.     A declaration of the successor in interest is attached hereto as Exhibit B.

Dated: July 2, 2020                          CLAYEO C. ARNOLD, APC

By:     _____
                                              Joshua H. Watson
                                              CLAYEO C. ARNOLD, APC

                                              Darren Guez
                                              THE DARREN GUEZ LAW FIRM

                                              *Attorneys for Plaintiff*
                                              *ROGER COFFELT*

2
COMPLAINT

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury.

Dated: July 2, 2020                    CLAYEO C. ARNOLD, APC

                                       By: _____

                                           Joshua H. Watson
                                           CLAYEO C. ARNOLD, APC

                                           Darren Guez
                                           THE DARREN GUEZ LAW FIRM

                                           *Attorneys for Plaintiffs*
                                           *ROGER COFFELT*

---

3
COMPLAINT

**Exhibit A - Operative Federal Complaint**

Clayeo C. Arnold, SBN 65070
JOSHUA H. WATSON, SBN 238058
CLAYEO C. ARNOLD, APC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Darren Guez, SBN 282023
THE DARREN GUEZ LAW FIRM
1810 S St
Sacramento, CA 95811
Telephone: (916) 520-0988
Email: darren@guezlaw.com

Attorneys for Plaintiffs
*Roger Coffelt Jr. as
successor in interest to
Jeannie Coffelt*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER COFFELT as successor in interest to JEANNIE COFFELT,<br><br>Plaintiffs,<br><br>vs.<br><br>EQUITY LIFESTYLE PROPERTIES, INC., THOUSAND TRAILS MANAGEMENT SERVICES, INC., MHC THOUSAND TRAILS LIMITED PARTNERSHIP, MHC NAC, L.L.C., MHC PROPERTY MANAGEMENT LP, and DOES 3 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**FIRST AMENDED COMPLAINT**<br><br>*Jury Trial Demanded*<br><br>*Exemplary Damages Demanded* |

FIRST AMENDED COMPLAINT

1       Comes now Plaintiff ROGER COFFELT as Successor in Interest to JEANNIE

2   COFFELT, who alleges and complains as follows on information and belief, and who pray for

3   relief from the court.  In this First Amended Complaint, language removed below from the initial

4   Complaint is marked in ~~strikeout~~, and is no longer operative.  New language below is in

5   underline.  Paragraph numbers remain the same from the initial Complaint.

**PARTIES**

6

7   1.  Plaintiff ROGER COFFELT is a competent adult residing at all relevant times in the

8       State of California.  He was married for over 24 years to JEANNIE COFFELT, who

9       passed away on September 24, 2019.  At all times relevant to this complaint during her

10      life, JEANNIE COFFELT was a person with disabilities that affected her ambulation,

11      bathing, and use of toilets.  JEANNIE COFFELT was a plaintiff to the Complaint in this

12      matter, but died during litigation.  References to "Plaintiffs" in this Complaint refer to

13      ROGER COFFELT and JEANNIE COFFELT during her life.  ~~Plaintiffs JEANNIE~~

14      ~~COFFELT and ROGER COFFELT are competent adults residing in the State of~~

15      ~~California.  They are and at all relevant time have been married to one another.~~

16      ~~JEANNIE COFFELT lives with conditions constituting physical disability under the law,~~

17      ~~including in that she has limitations ambulating and requires use of a wheelchair and use~~

18      ~~of accessible restrooms and bathing facilities.  Plaintiffs reside in California.~~

19  2.  Defendant EQUITY LIFESTYLE PROPERTIES, INC. (hereafter "EQUITY") is a

20      corporation organized under the laws of Maryland, with a principle place of business at

21      Two N .Riverside Plaza, Suite 800, Chicago IL 60606.

22      a.  MHC NAC, L.L.C. is a subsidiary of EQUITY and owns the land on which

23          Wilderness Lakes RV Resort in Menifee, California is located.  This entity has its

24          principal place of business at: Two N .Riverside Plaza, Suite 800, Chicago IL

25          60606. [This Defendant is substituted as DOE 1 to the original Complaint.]

26      b.  MHC Property Management LP is a subsidiary of EQUITY and operates

27          Wilderness Lakes RV Resort in Menifee, California.  This entity has its principal

28          place of business at: Two N .Riverside Plaza, Suite 800, Chicago IL 60606.  [This

FIRST AMENDED COMPLAINT

Defendant is substituted as DOE 2 to the original Complaint.]

3. Defendant THOUSAND TRAILS MANAGEMENT SERVICES, INC. (hereafter "TTMS") is a corporation organized under the laws of Nevada, with a principle place of business at Two N .Riverside Plaza, Suite 800, Chicago IL 60606.

4. Defendant MHC THOUSAND TRAILS LIMITED PARTNERSHIP (hereafter "MHC"), is a business entity owned and controlled by EQUITY operates from the same address: Two N .Riverside Plaza, Suite 800, Chicago IL 60606.

5. The names and capacity of defendants, and each of them, sued as DOES 1 through 10, inclusive, (hereafter "DOES" and included in references to "Defendants") are unknown to plaintiff at this time who, therefore, sues these defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and directly caused injury and damages to Plaintiff. Plaintiff will amend this Complaint to reflect the true identities of DOE defendants upon their discovery.

6. Defendants, DOES, and each of them, were at all times mentioned, the agents, representatives, employees, partners, of each of the other defendants and were at all times mentioned acting within the course and scope of said agency, representation, employment, partnership, joint venture or relationship stated therein, and were acting with the consent and knowledge of each of the other defendants.

7. Defendants, DOES, and each of them were aware of the actions and omissions of one another as related to this Complaint, and each pre-authorized, approved, and ratified the conduct of each of the others.

8. Defendants, DOES 3 to 10 ~~EQUITY, TTMS, MHC, DOES 1 to 10~~, and each of them jointly and individually now and at all relevant times owned, managed, operated, controlled, and contracted with customers regarding recreational vehicle parks throughout the State of California, and did so under the trade name "Thousand Trails," which is and at all relevant times was marketed and managed online at the web address of www.thousandtrails.com. Defendants, DOES, and each of them were engaged in a joint

venture in this regard.

## JURISDICTION AND VENUE

9. The acts and omissions alleged in this Complaint occurred in the State of California, including within Riverside County.

10. Plaintiffs are residents of the State of California.

11. No defendant has its principle place of business in the State of California, and no defendant is incorporated under California law.

12. The damages asserted in this Complaint exceed the jurisdictional minimums of this Court.

13. Diversity jurisdiction exists pursuant to the foregoing Jurisdiction and Venue allegations.

14. Federal question jurisdiction exits because this Complaint necessarily raises issues under the U.S. Americans with Disabilities Act which are central to resolution of the case. *See*, *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). seeks injunctive relief under the Americans with Disabilities Act.

## GENERAL FACTUAL ALLEGATIONS

**A. Nature of the Parties and Their Relationships to One Another.**

15. Defendants, including MHC, operate MHC operates and at all relevant times operated a membership program that enabled buyers of a "Thousand Trails Camping Pass" to visit over 80 different "preserves." This membership is paid for with an upfront charge that may be paid in installments, along with an ongoing fee. Persons who have joined such a membership program are referred to as "Members" in this Complaint.

16. Some visitors to such preserves operated by Defendants are Members, and some are not.

17. A fee is requires to visit Defendants' preserves.

18. Defendants' preserves generally provide customers with access to the following facilities:

    a. Spaces where recreational vehicles ("RVs") can be parked, with some spaces providing utility hookups, and some spaces offered without such hookups.

    b. Spaces where customers may camp and part a passenger vehicle.

    c. Cabins with varying degrees of utilities and accommodations.

4

FIRST AMENDED COMPLAINT

d. Parking.

e. Recreational facilities such as pools, a community hall, walking routes, park/picnic spaces, and scenic features (e.g. gazebo overlooking scenic area).

f. Restrooms, including multiple restroom buildings for RV and tent customers.

g. Bathing facilities, including multiple restroom buildings for RV and tent customers.

h. Restaurant/general store.

i. Mixed-use pedestrian and vehicle pathways for accessing different areas of the preserve.

19. The facilities above are connected by mixed-use pedestrian and vehicle pathways at most of Defendants' preserves.

20. Customers who visit Defendants' preserves may stay at the preserve overnight.

21. Customers who visit Defendants' preserves most often stay at the preserve overnight.

22. Defendants' preserves are places of public accommodation within the meaning of the Americans with Disabilities Act.

23. Defendants' preserves in California are places of public accommodation within the meaning of the California Unruh Act, Civil Code § 51 et seq.

24. EQUITY owns, directly or through subsidiaries, the preserves to which MHC provides memberships.

   a. MHC NAC, L.L.C. owns the land on which Wilderness Lakes RV Resort in Menifee, California is located.

   b. MHC Property Management LP operates Wilderness Lakes RV Resort.

25. TTMS operates, directly or through agents, the preserves to which MHC provides memberships.

26. In California, under the rules governing the MHC membership plan, Members may stay at a single preserve for up to three weeks, and then must stay at another location, including another preserve within the MHC membership program, for one week before returning to the initial location. In this Complaint, this rule is referred to as the "three-in-

5

FIRST AMENDED COMPLAINT

one-out" rule.

27. In California, under the rules governing the MHC membership plan, Members' right to visit preserves is governed by an agreement reduced to writing, as well as by rules promulgated in writing by Defendants.

28. In California, under the rules governing the MHC membership plan, Defendants reserve the right to impose sanctions on Members for non-compliance with Defendants' rules, including but not limited to the sanctions of excluding a Member from a particular preserve for some period of time and of imposing additional monetary fees.

29. Members are not tenants with respect to their use of MHC preserves.

30. MHC is not a landlord with respect to Members.

31. EQUITY is not a landlord with respect to Members.

32. TTMS is not a landlord with respect to Members.

33. MHC is aware that some Members use Defendants' preserves as their primary source of shelter, and that such members move between preserves as required by the "three-in-one-out" rule (or a similar rule governing maximum visit times as may be applicable to various contracts).

   a. In this Complaint, such Members are referred to as "Member-Residents."

34. EQUITY is aware that some Members use Defendants' preserves as their primary source of shelter, and that such members move between preserves as required by the "three-in-one-out" rule (or a similar rule governing maximum visit times as may be applicable to various contracts).

35. TTMS is aware that some Members use Defendants' preserves as their primary source of shelter, and that such members move between preserves as required by the "three-in-one-out" rule (or a similar rule governing maximum visit times as may be applicable to various contracts).

36. The group of Member-Residents includes persons with physical disabilities.

37. Since at least 2012, Plaintiffs JEANNIE COFFELT and ROGER COFFELT have been Members.

FIRST AMENDED COMPLAINT

38. Since at least 2014, Plaintiffs JEANNIE COFFELT and ROGER COFFELT have been Member-Residents.

39. For at least the last year, Plaintiffs JEANNIE COFFELT and ROGER COFFELT have generally followed a pattern of staying three weeks at a time at the Wilderness Lakes RV Resort in Menifee, CA for three weeks, followed by a one week stay at another MHC preserve, followed by a return to Wilderness Lakes RV Resort.

    a. Wilderness Lakes RV Resort is located at or about 30605 Briggs Rd, Menifee, CA 92584, which is within Riverside County, California.

        i. Wilderness Lakes RV Resort is a preserve owned and operated by Defendants.

    b. Plaintiffs often visit Pio Pico RV Resort & Campground at or about 14615 Otay Lakes Rd, Jamul, CA 91935, which is within San Diego County, California.

        i. Pio Pico RV Resort & Campground is a preserve owned and operated by Defendants.

40. ~~Plaintiffs have personal connections to the greater Sacramento area and have an intent to stay in one or both of the Thousand Trail Reserves in the Sacramento area at some point in the foreseeable future. These two facilities, both of which are within the sites included in Plaintiffs' Membership, are:~~

    a. ~~Ponderosa RV Resort located at 7291 CA-49, Lotus, CA 95651, which is within El Dorado County, California.~~

    b. ~~Lake Minden RV Campground located at 1256 Marcum Rd, Nicolaus, CA 95659, which is within Sutter County, California.~~

41. ~~Through their membership with Defendants, Plaintiffs have the contractual right to visit all of Defendants' preserves operated under the Thousand Trails brand name in California. They have visited other preserves besides those itemized here, and are interested in visiting each preserve within California.~~

42. ~~Since at least 2016 Plaintiff JEANNIE COFFELT has been a person with a physical disability in that she utilizes a wheelchair in order to assist her ambulation.~~

7

FIRST AMENDED COMPLAINT

43. Since at least 2016 Plaintiff ROGER COFFELT has been a person associated with a person with a physical disability, to wit: JEANNIE COFFELT, his wife.

44. Plaintiff ROGER COFFELT assists JEANNIE COFFELT in activities of daily living, including but not limited with respect to bathing and transportation.

45. However, JEANNIE COFFELT values her independence in activities of daily living, and exercises such independence to the maximum degree she is able.

**B. Description of the Wilderness Lakes RV Resort**

46. Wilderness Lakes RV Resort is a multiple-building site. It includes clusters of RV and camping spaces. Bathing facilities and toilet facilities are distributed throughout the preserve in separate buildings.

47. Exhibit 1 to this Complaint is a true and correct copy of a map of the Wilderness Lakes RV Resort which Defendants make available online at https://rvonthego.com/media/com_rv/uploads/resorts/sm0216-wildernesslakes_1454706574.pdf

48. Exhibit 1 correctly depicts the layout of each of the following elements at the Wilderness Lakes RV Resort:

    a. Buildings

    b. Restrooms

    c. Bathing facilities

    d. RV parking/camping spaces

    e. Camping spaces

    f. Roads

    g. Designated walking trails

    h. Pools

    i. Entry and exit points for the site

49. There over 500 spaces for customer use (for camping or RV parking) at the Wilderness Lakes RV Resort.

8

FIRST AMENDED COMPLAINT

50. Restrooms at the Wilderness Lakes RV Resort include restrooms housed in the following buildings (identified as designated in Exhibit 1), none of which are connected to any of the others by any hallway or sidewalk (unless noted):

    a.  RR1 abutting Washington

    b.  RR2 abutting Montana

    c.  RR3 abutting Florida

    d.  RR4 abutting Robin

    e.  RR5 abutting Pigeon

    f.  RR6 abutting Cardinal

    g.  RR7 abutting Blackbird

    h.  Next to the Adult Pool and Spa abutting Washington

    i.  Next to the Family Pool abutting Mallard, North of the pool (connected to South-side family pool restroom by the pool area, but with both in separate buildings)

    j.  Next to the Family Pool abutting Mallard, South of the pool (connected to North-side family pool restroom by the pool area, but with both in separate buildings)

    k.  In the Adult Lodge abutting Briggs Rd.

51. Each of the restrooms above (RR1-RR7) is a separate "toilet facility" within the meaning of standard 4.1.2(6) of the 1991 U.S. Department of Justice regulations implementing the Americans with Disabilities Act located at 28 C.F.R. Pt. 36, App. D.

    a.  Hereafter, "1991 ADA Standards" refers to the standards located at 28 C.F.R. Pt. 36, App. D. promulgated in 1991. These are available online from the U.S. Department of Justice at: https://www.ada.gov/1991ADAstandards_index.htm.

52. Each of the restrooms above (RR1-RR7) is a separate "toilet room" within the meaning of standard 213.2 of the 2010 U.S. Department of Justice regulations implementing the Americans with Disabilities Act located at 28 CFR part 36, Subpart D and 36 CFR part 1191, Appendices B and D.

    a.  Hereafter, "2010 ADA Standards" refers to the combined standards located at 28 CFR part 36, Subpart D and 36 CFR part 1191, Appendices B and D, in which

9

FIRST AMENDED COMPLAINT

any conflict between the stated regulations is resolved in favor of 28 CFR part 36, subpart D.  These are available online from the U.S. Department of Justice at: https://www.ada.gov/2010ADAstandards_index.htm.

53. Bathing facilities at the Wilderness Lakes RV Resort include bathing facilities housed in the following buildings (identified as designated in Exhibit 1), none of which are connected to any of the others by any hallway or sidewalk:

    a.  RR1 abutting Washington

    b.  RR2 abutting Montana

    c.  RR3 abutting Florida

    d.  RR4 abutting Robin

    e.  RR5 abutting Pigeon

    f.  RR6 abutting Cardinal

    g.  RR7 abutting Blackbird

    h.  Next to the Adult Pool and Spa abutting Washington

    i.  Next to the Family Pool abutting Mallard, South of the pool

54. Each of the bathing facilities above is a separate "bathing facility" within the meaning of standard 4.1.2(6) of the 1991 ADA Standards.

55. Each of the bathing facilities above is a separate "bathing room" within the meaning of standard 213.2 of the 2010 ADA Standards.

56. Each of the following customer spaces for RV parking/camping at the Wilderness Lakes RV Resort is designated by Defendants as being accessible for the purposes of the Americans with Disabilities Act: 201, 215, 250, 252, 260, 263.

    a.  Hereafter, these customer spacers are referred to as the "Southeast Accessible Spaces."

    b.  The image below is a true and correct excerpt of Exhibit 1, and depicts the locations of the Southeast Accessible Spaces in relation to RR4:

FIRST AMENDED COMPLAINT

57. The Southeast Accessible places are in sufficient proximity to RR4 that it is reasonable for customers staying in one of the Southeast Accessible Spaces to utilize the bathing and toilet facilities in RR4.

58. RR4 is required the Americans with Disabilities Act to be complaint with the applicable U.S. Department of Justice ADA Standards for bathing facilities.

59. RR4 is required the Americans with Disabilities Act to be complaint with the applicable U.S. Department of Justice ADA Standards for toilet facilities.

60. RR4 is required the Americans with Disabilities Act to be complaint with the applicable U.S. Department of Justice ADA Standards for accessible routes.

61. RR4 is required the Americans with Disabilities Act to be complaint with the applicable U.S. Department of Justice ADA Standards for accessible entries.

**C. Personal Injury Incident of March 2018.**

62. On or about March 31, 2018, Plaintiff JEANNIE COFFELT suffered personal injury due to falling in a purportedly accessible shower stall in RR4 while she was a staying at Wilderness Lakes RV Resort.

    a. Hereafter the circumstances of this personal injury are referred to as the "Injury Incident."

63. In the Injury Incident, Plaintiff JEANNIE COFFELT was attempting to bathe in the

11

FIRST AMENDED COMPLAINT

bathing facilities at RR4 while she was a paying visitor and Member-Resident at the Wilderness Lakes RV Resort.

64. In the Injury Incident, Plaintiff JEANNIE COFFELT was utilizing a purportedly-accessible shower in RR4 with the layout depicted below:



Hereafter, the shower involved in the Injury Incident is referred to as the "Subject Shower."

65. The Subject Shower was not compliant with the enforceable standards promulgated by the U.S. Department of Justice. Its non-compliance included but was not necessarily limited to the following, and each condition complained of continues to this time:

    a. <u>A chair was placed in front of the shower stall</u> by Defendants, which violated the following:

        i. 1991 ADA Standard 4.21.2, requiring a clear space of 36" x 48" in front of an accessible shower.

        ii. 2010 ADA Standard 608.2, requiring a clear space of 36" x 48" in front of an accessible shower.

        iii. This clear-space rule is illustrated in the 2010 ADA Standards in Figure

608.2.1, as depicted below:



Note: inside finished dimensions measured at the center points
of opposing sides

**Figure 608.2.1**
**Transfer Type Shower Compartment Size and Clearance**

  b. <u>The Subject Shower abutted a barrier on the left such that there was insufficient</u>
     <u>clear space</u> in front of the shower as required by the standards above, even
     without regard to the presence of the chair.

  c. <u>Grab bars in the shower were not appropriately placed because the back wall had</u>
     <u>no grab bar</u>.

       i. 1991 ADA Standard 4.21.4 requires that grab bars in a compliant shower
          be placed in two locations: (1) on the wall with the shower controls, and
          (2) on the back wall (the wall which contains neither the control nor the
          seat). This is illustrated in Figure 37 in the 1991 ADA Standards, as
          depicted below:

FIRST AMENDED COMPLAINT



**Fig. 37**
**Grab Bars at Shower Stalls**

    ii.  2010 ADA Standard 608.3.1 requires: "grab bars shall be provided across the control wall and back all to a point 18 inches (455mm) from the control wall." This is illustrated in Figure 608.3.1 of the 2010 ADA Standards:



**Figure 608.3.1**
**Grab Bars for Transfer Type Showers**

    d.  <u>The floor surface was not stable because the water drain cover was not fixed in place.</u> After the Injury Incident, Plaintiffs encountered another loose shower drain cover at Defendants' property, which they documented as below:



14

FIRST AMENDED COMPLAINT

i. 1991 ADA Standard 4.5.1 requires that "floor surfaces…in accessible…spaces…shall be stable."

ii. 2010 ADA Standard 302.1 also requires that "[f]loor and ground surfaces shall be stable."

66. In the Injury Incident, as Plaintiff JEANNIE COFFELT entered the Subject Shower with her husband, ROGER COFFELT, acting as her assistant/care-giver. JEANNIE COFFELT had to navigate around the improperly placed chair with ROGER COFFELT'S assistance, making it more difficult for her to access the shower, giving rise to a violation of the Americans with Disabilities Act since the chair represented a violation that made it more difficult for a person with a disability to use the full services of Defendants.

67. In the Injury Incident, as Plaintiff JEANNIE COFFELT entered the Subject Shower, she began to execute a transfer to the permanent shower bench. In the process, her wheelchair was behind her, she was facing the back wall of the shower, and ROGER COFFELT was standing by the shower's control wall. As she executed her transfer to the shower bench, her left foot made contact with the drain cover. The drain cover moved because it was not screwed firmly in place, and it moved. This compromised Plaintiff JEANNIE COFFELT's balance.

68. At all times, Plaintiff JEANNIE COFFELT had been reasonably attentive, as had Plaintiff ROGER COFFELT. Neither had noticed that the drain cover was loose.

69. Plaintiff JEANNIE COFFELT attempted to correct her loss of balance. She reached out for the back wall of the shower (the direction in which she was facing). However, the required grab bar on the back wall was missing in violation of ADA regulations (as noted above), and her hands only impacted against the wall instead of having the benefit of a properly placed grab bar. Had a grab bar been placed on the back wall as required, her outstretched hands would have reached it. At that same time, Plaintiff ROGER COFFELT, who was standing by the control wall near the rear-right corner as depicted in the image of the Subject Shower above, attempted to catch Plaintiff JEANNIE

15

FIRST AMENDED COMPLAINT

1   COFFELT.  He was able to slow but not stop her fall.

2   70. Plaintiff JEANNIE COFFELT's foot was injured as it entered the drain pipe, resulting in

3   mechanical injury to her foot.  She also fell to her knee, which suffered impact and pain.

4   71. Plaintiff JEANNIE COFFELT'S injuries were complicated and more severe than might

5   otherwise be expected.  This was because of her pre-existing health conditions, including

6   on information and belief with respect to nerve function and circulation.

7   72. One of the functions of the Americans with Disabilities Act and the related regulatory

8   architectural standards is to protect persons with disabilities from injury-causing events

9   and the enhanced harm that may result.  It was entirely foreseeable by Defendants that

10  their failure to comply with ADA in RR4 could result in such harm.

11  73. The image below depicts a portion of Plaintiff JEANNIE COFFELT's injuries at one

12  point in her post-injury healing process.  Tissue injury and resulting circulation issues

13  caused by the Injury Incident resulted in the injury shown, as well as severe pain:



23  **C. Systemic Problems with Accessibility at Defendants' Preserves**

24  74. On information and belief, preserves marketed by Defendants under the "Thousand

25  Trails" brand have widespread compliance deficiencies with respect to the Americans

26  with Disabilities Act.

27  75. Other ADA violations exist at the Wilderness Lakes RV Resort, including but not limited

28  to a lack of appropriate pathway surfaces, lack of accessible facility entrances, and

16

FIRST AMENDED COMPLAINT

insufficiently accessible restrooms.

76. The restroom depicted below in the Adult Lodge Bathroom at Wilderness Lakes RV lacks a grab bar behind the toilet in violation of 1991 ADA Standard 4.17.6; 2010 ADA Standard 604.5:



77. The shower depicted below in the Adult Pool Room at Wilderness Lakes RV lacks a grab bar behind the shower controls, and lacks compliant seating in violation of 1991 ADA Standard 4.21; 2010 ADA Standard 608:



78. The adult pool lacks any form of entry or exit for persons with mobility disabilities in violation of 2010 ADA Regulation 242 (to the degree Defendants can readily achieve an

17

FIRST AMENDED COMPLAINT

improved degree of accessibility as required by 28 C.F.R. § 36.304, which requires places of public accommodation to be accessible as is readily achievable, even if total compliance is not readily achievable).

79. Other properties operated by Defendants under the Thousand Trails brand also have compliance problems. On information and belief, these problems are common across all Thousand Trails branded properties, including but not limited to the Pio Pico, Ponderosa, and Lake Minden properties referenced in this Complaint.

80. For instance, at the Pio Pico property in San Diego County, the approach to the restroom below is constructed from unstable gravel and tiles. Ironically, this approach abuts more firm dirt and asphalt pathways. While the firm dirt and asphalt pathways allow for a degree of accessibility by wheelchair, the approach to the restroom is so loose, uneven, and full of gaps/crevices that the approach is unstable and fails to present an accessible pathway/approach as required by the ADA. This has led to inconvenience and difficulty to Plaintiff JEANNIE COFFELT with respect to using the restroom/bathing facilities at Pio Pico. Other access defects affecting JEANNIE COFFELT also exist at the property.



18
FIRST AMENDED COMPLAINT

81. At the Ponderosa property in El Dorado County the tent camping area is serviced by two unisex portable toilets, neither of which is accessible. This violates 1991 ADA Regulation 4.1.2(6) and 2010 ADA Regulation 213.2. Defendants could readily achieve replacing one of these portable toilets with an accessible unit. The two units at issue at Ponderosa are depicted below:



82. A purportedly accessible shower in a shared bathing facility for RV customers at the Ponderosa property in El Dorado County is obstructed by a poorly placed chair and lacks turning space, similar to the Subject Shower discussed above, as depicted below:



19

FIRST AMENDED COMPLAINT

83. All compliance issues identified in this Complaint are illustrative in nature and not exhaustive of Defendants' non-compliance issues.

84. Citations to ADA architectural standards in this Complaint are not intended to limit Plaintiff's claims to just those standards cited.  Plaintiff reserves the right to present evidence and argument as to any and all ADA violations relevant to this matter, and alleges that Defendants' preserves operated under the Thousand Trails brand are replete with violations of ADA.

**D. Defendants Have Sufficient Resources to Substantially Improve ADA Compliance Within the "Readily Achievable" Standard.**

85. EQUITY controls the preserves operated under the Thousand Trails brand name.

86. EQUITY is a publically traded company on the New York Stock Exchange.

87. EQUITY published its 2017 annual report pursuant to the U.S. Securities Exchange Act of 1934 at the web address https://equitylifestyle.gcs-web.com/static-files/7750d897-3384-4b74-a53c-a40c83b3b599 (hereafter "2017 Annual Report").

88. EQUITY's 2017 Annual Report is an official statement of EQUITY.

89. EQUITY's 2017 Annual Report is factually correct.

90. As reflected at page 32 of EQUITY's 2017 Annual Report, EQUITY obtained revenue in the amount of about $925,312,000 in 2017, $870,435,000 in 2016, $776,809,000 in 2014, and $729,048,000 in 2013.

91. As reflected at page 32 of EQUITY's 2017 Annual Report, EQUITY obtained consolidated net income of $210,377,000 in 2017, $187,132,000 in 2016, $150,512,000 in 2015, $138,468,000 in 2014, and $125,905,000 in 2013.

92. As reflected at page 32 of EQUITY's 2017 Annual Report, EQUITY paid dividends to shareholders every year from 2013-2017.

93. As reflected at page 32 of EQUITY's 2017 Annual Report, EQUITY had annual expenses between $653,840,000 and $718,700,000 from 2013-2017.

20

FIRST AMENDED COMPLAINT

94. As reflected at page 32 of EQUITY's 2017 Annual Report, EQUITY's revenue, expenses, and consolidated net income each increased every year from 2013 to 2017.

95. As reflected at page 1 of EQUITY's 2017 Annual Report, EQUITY owned 406 properties as of December 31, 2017.

96. If, in 2017, EQUITY spent just 1% of its consolidated net income on additional ADA improvements across its properties, it would have spent and additional $2,103,770 on ADA improvements across its operations. If this sum were divided equally across properties, EQUITY would have spent an additional $5,181 for ADA compliance per year per property in 2017.

97. It is readily achievable for EQUITY to spend an additional 1% per year of its consolidated net income on ADA compliance (over whatever amount EQUITY already spends on ADA compliance, if any).

   a. In 2017, this would have been an additional $5,181 for ADA compliance per year per property.

98. It is readily achievable for EQUITY to spend an additional 2% per year of its consolidated net income on ADA compliance (over whatever amount EQUITY already spends on ADA compliance, if any).

   a. In 2017, this would have been an additional $10,362 for ADA compliance per year per property.

99. It is readily achievable for EQUITY to spend an additional 5% per year of its consolidated net income on ADA compliance (over whatever amount EQUITY already spends on ADA compliance, if any).

   a. In 2017, this would have been an additional $25,905 for ADA compliance per year per property.

100. It would have been readily achievable for EQUITY to install a grab bar on the back wall of the Subject Shower at some date prior to the date of the Injury Incident.

101. It would have been readily achievable for EQUITY to securely affix the shower drain cover in Subject Shower at some date prior to the date of the Injury Incident.

21

FIRST AMENDED COMPLAINT

102.     It would have been readily achievable for EQUITY to remove the chair occupying the clear space in front of the Subject Shower at some date prior to the date of the Injury Incident.

103.     It would have been readily achievable for EQUITY to adjust the clear space in front of the Subject Shower so that there was a rectangle of 48"x36" of clear space in front of that shower at some date prior to the date of the Injury Incident.

104.     It is readily achievable for EQUITY, within the next 12 months, to install a grab bar on the back wall of the Subject Shower.

105.     It is readily achievable for EQUITY, within the next 12 months, to securely affix the shower drain cover in Subject Shower.

106.     It is readily achievable for EQUITY, within the next 12 months, to remove the chair occupying the clear space in front of the Subject Shower.

107.     It is readily achievable for EQUITY, within the next 12 months, to adjust the clear space in front of the Subject Shower so that there is a rectangle of 48"x36" of clear space in front of that shower.

108.     It is readily achievable for EQUITY to make (within the next year) the Wilderness Lakes RV Resort at least somewhat more accessible to disabled persons than it is now.

109.     It is readily achievable for EQUITY to make (within the next year) the Ponderosa RV Resort at least somewhat more accessible to disabled persons than it is now.

110.     It is readily achievable for EQUITY to make (within the next year) the Lake Minden RV Campground at least somewhat more accessible to disabled persons than it is now.

111.     It is readily achievable for EQUITY to make (within the next year) all of its properties at least somewhat more accessible to disabled persons than it is now.

112.     It is readily achievable for EQUITY to have each of its preserves in California inspected within the next 12 months by a Certified Access Specialist within the meaning for the California Division of the State Architect's Voluntary Certified Access Specialist

Program.  *See,* http://www.dgs.ca.gov/dsa/Programs/programCert/casp.aspx; Cal Civil Code §§ 55.52, 1938.

113.      EQUITY has the ability to control MCH and TTMS's actions to the degree that EQUITY may require them to audit the preserves operated under the Thousand Trails brand name for ADA compliance.

114.      EQUITY has the ability to control MCH and TTMS's actions to the degree that EQUITY may require them remediate ADA compliance deficiencies, if any, at the preserves operated under the Thousand Trails brand name.

## **FIRST CAUSE OF ACTION: PREMISES LIABILITY (NEGLIGENCE)**
## **BY JEANNIE COFFLET AGAINST ALL DEFENDANTS**

115.      All prior paragraphs are incorporated by reference as though stated fully here.

116.      The actions in this claim are alleged in keeping with California law as summarized in the California Civil Jury Instructions ("CACI"), commencing at CACI No. 1000 regarding premises liability and CACI No. 400 regarding negligence.

117.      Defendants owned, leased, occupied and controlled the Wilderness Lakes RV Resort, as alleged herein.

118.      Defendants were negligence in their maintenance of that property.  Their negligence is presumed in keeping with the substantive law of California codified at Cal. Evid. Code § 669, CACI No. 418, and the doctrine of **negligence per se** in that:

    a.  The Americans with Disabilities Act is a statute of a public entity (the United States of America).

    b.  The California Building Standards Codes (Physical Access Regulations) codified within Title 24 of the California Code of Regulations are consistent with the standards of the Americans with Disabilities Act and are a regulation of a public entity (California).

    c.  The California Unruh Act codified at Cal. Civil Code §51 requires places of public accommodation within California to comply with the Americans with

23

Disabilities and is a statute of a public entity (California).

d.  Defendants violated the foregoing statutes and regulation with respect to the
Subject Shower as alleged herein, including with respect to obstructing the clear
area in front of the shower, having too little clear area in front of the shower,
failing to place a grab bar on the back wall of the shower, and failing to provide
for stable flooring by firmly affixing the shower drain in the shower.

e.  Defendants' failure to comply with the foregoing statutes was the proximate result
of injury and attendant damages to Plaintiff JEANNIE COFFELT as alleged
herein.

f.  Plaintiff JEANNIE COFFELT was at all relevant times within the class of persons
for whose protections the foregoing statutes and regulation were adopted, namely
persons with physical disabilities utilizing public accommodations.

g.  With respect to complying with ADA obligations governing the Subject Shower,
Defendants did not do what might be reasonably be expected of a person or
ordinary prudence, acting under similar circumstances, who desired to comply
with the law, as reflected by having multiple violations of ADA at the shower (all
of which could have been readily eliminated prior to the Injury Incident) and as
reflected by the generally deficient status of Defendant's ADA compliance at the
Wilderness Lakes RV Resort and at its properties more broadly (despite having
ample resources for a better compliance program) as alleged herein.

119.    Without regard to negligence per se, Defendants were negligent in their use and
maintenance of the Wilderness Lakes RV Resort.  In keeping with CACI No. 400, CACI
No. 1001 and related California law of negligence, Defendants were negligent in that:

a.  Each had a duty to use reasonable care to keep the property in a reasonably safe
condition.

b.  Each had a duty to use reasonable care to take steps to discover any unsafe
conditions and to repair, replace, or give adequate warning of anything that could
be reasonable expected to harm others.

24
FIRST AMENDED COMPLAINT

c.  Each Defendant had a duty to Plaintiff JEANNIE COFFELT to keep the Subject Shower in a condition that was compliant with the Americans with Disabilities Act.

d.  Each Defendant had a duty to Plaintiff JEANNIE COFFELT to keep the Subject Shower in a condition in which the drain cover was firmly affixed.

e.  Each Defendant had a duty to Plaintiff JEANNIE COFFELT to keep the Subject Shower in a condition in which the open space in front of the shower was not obstructed.

f.  Each Defendant had a duty to Plaintiff JEANNIE COFFELT to have a grab bar placed on the back wall of the Subject Shower.

g.  Each Defendant had a duty to Plaintiff JEANNIE COFFELT to keep the Subject Shower in a safe condition.

h.  Each Defendant had a duty to Plaintiff JEANNIE COFFELT to provide a means by which the Subject Shower would be routinely inspected in such fashion as to identify and remediate safety hazards.

i.  Each Defendant had a duty to adequately warn Plaintiff JEANNIE COFFELT and other users of the Subject Shower of any unsafe conditions it did not remediate.

j.  Each Defendant breached such duties, as reflected in the condition of the Subject Shower at the time of the Injury Incident.

120.    As a direct and proximate result of Defendants' negligence, Plaintiff JEANNIE COFFELT suffered injury and attendant damages as alleged herein.

121.    Defendants' conduct in this matter was oppressive in that was and continues to be despicable and subjected Plaintiffs to cruel and unjust hardship in knowing disregard of their rights, giving rise to a claim for punative/exemplary damages.  *See*, CACI No. 3948, Cal. Civil Code § 3294.  Such conduct includes but is not limited to the callous disregard of Defendants with respect to bringing RR4 into ADA compliance despite Defendants being subjectively aware that guests, Members, and Member-Residents with disabilities regularly used RR4 for toilet and bathing needs, and despite Defendants being

25

FIRST AMENDED COMPLAINT

subjectively aware that many Member-Residents with disabilities are of such financial means that they do not have the resources to demand or force ADA compliance, and are also subject to intimidation such as that alleged herein as retaliation.

## SECOND CAUSE OF ACTION: LOSS OF CONSORTIUM
## BY ROGER COFFLET AGAINST ALL DEFENDANTS

122.    All prior paragraphs are incorporated by reference as though stated fully here.

123.    As the spouse of Plaintiff JEANNIE COFFELT, Plaintiff ROGER COFFELT was harmed by the injury and damages to Plaintiff JEANNIE COFFELT caused by the wrongs alleged in this Complaint.

124.    In keeping with California law as summarized at CACI No. 3920, Plaintiff asserts a claim for loss of consortium.  This includes a claim for the loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support.  Through counsel, Plaintiff ROGER COFFELT reserves his right to assert or later withdraw for privacy purposes his right to seek damages for loss of the enjoyment of sexual relations.

125.    In keeping with California law as summarized at CACI No. 3920, Plaintiff ROGER COFFELT does not seek damages for financial support, personal services, loss of earnings, or cost of obtaining domestic household services as part of his claim for loss of consortium.

## THIRD CAUSE OF ACTION: VIOLATION OF AMERICANS WITH
## DISABILITIES ACT
## BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

126.    All prior paragraphs are incorporated by reference as though stated fully here.

127.    At all relevant times, Plaintiff JEANNIE COFFELT has had a physical disability within the meaning of the Americans with Disabilities Act, including that she uses used a wheelchair in the process of ambulating.

128.    Defendants own, lease, or operate all the preserves operated under the Thousand

FIRST AMENDED COMPLAINT

Trails brand name, including but not limited to the Wilderness Lakes RV Resort.

129.    The Americans with Disabilities Act forbids discrimination in the form imposing architectural barriers in new construction, new alterations, or failing to remove such barriers in existing facilities, where doing so is readily achievable. *See*, 42 USC §12182(b)(2)(A).

130.    Wilderness Lakes RV Resort is a place of public accommodation within the meaning the Americans with Disabilities Act.

131.    All the preserves operated under the Thousand Trails brand name are places of public accommodation within the meaning of the Americans with Disabilities Act.

132.    Since at least 2014, EQUITY has had a legal duty to ensure that all preserves operated under the Thousand Trails brand name, including the Wilderness Lakes RV Resort, were compliant with the Americans with Disabilities Act.

133.    Since at least 2014, TTMS has had a legal duty to ensure that all preserves operated under the Thousand Trails brand name, including the Wilderness Lakes RV Resort, were compliant with the Americans with Disabilities Act.

134.    Since at least 2014, MHC has had a legal duty to ensure that all preserves operated under the Thousand Trails brand name, including the Wilderness Lakes RV Resort, were compliant with the Americans with Disabilities Act.

135.    On the date of the Injury Incident, the Wilderness Lakes RV Resort was not in compliance with the 1991 ADA Standards or the 2010 ADA Standards.

136.    At no time in the past year has the Wilderness Lakes RV Resort been in compliance with the 1991 ADA Standards or the 2010 ADA Standards.

137.    At no time in the past year has the Pio Pico RV Resort & Campground been in compliance with the 1991 ADA Standards or the 2010 ADA Standards.

138.    On information and belief: At no time in the past year have Defendants' resorts operated within California under the Thousand Trails brand name been in complete compliance with the 1991 ADA Standards or the 2010 ADA Standards.

139.    On information and belief: At no time in the past year have Defendants' resorts

27

FIRST AMENDED COMPLAINT

operated nationwide under the Thousand Trails brand name been in complete compliance with the 1991 ADA Standards or the 2010 ADA Standards.

140.     On information and belief: Defendants have not had the resorts operated within California under the Thousand Trails brand to be certified by a Certified Access Specialist within the meaning for the California Division of the State Architect's Voluntary Certified Access Specialist Program.  *See,* http://www.dgs.ca.gov/dsa/Programs/programCert/casp.aspx; Cal Civil Code §§ 55.52, 1938.

141.     Defendants have not submitted to the Division of the State Architect any report of their preserves operated under the Thousand Trails brand in California.  *See,* http://www.dgs.ca.gov/dsa/Programs/programCert/casp/inspected.aspx

142.     It is readily achievable for Defendants to have the resorts operated within California under the Thousand Trails brand certified by a Certified Access Specialist within the meaning for the California Division of the State Architect's Voluntary Certified Access Specialist Program.  *See,* http://www.dgs.ca.gov/dsa/Programs/programCert/casp.aspx; Cal Civil Code §§ 55.52, 1938.

143.     Plaintiffs JEANNIE COFFELT and ROGER COFFELT at all relevant times had have the contractual right to visit any preserve operated under Thousand Trails brand within California, have an interest in doing so, and would do so if they knew that such facilities were ADA compliant.

144.     Plaintiffs JEANNIE COFFELT and ROGER COFFELT have an interest in visiting preserves operated under Thousand Trails brand throughout the United States, and would do so if they knew that such facilities were ADA compliant.

145.     Plaintiffs JEANNIE COFFELT and ROGER COFFELT have been at a preserve operated under Thousand Trails brand for almost every day within the past year, in keeping with their status as Member-Residents.

   a.   Further, they were at a preserve operated under the Thousand Trails brand for

28

FIRST AMENDED COMPLAINT

almost every day from the time that the initial Complaint in this matter was filed until the date JEANNIE COFFELT passed away.

146.     On virtually every day that Plaintiff JEANNIE COFFELT ~~has been~~ was at a preserve operated under the Thousand Trails brand, she has encountered at least one architectural violation of the Americans with Disabilities Act at the preserve, including but not limited to improper floor/ground surfaces, non-compliant bathing facilities, and non-compliant toilet facilities.

147.     ~~Plaintiffs JEANNIE COFFELT and ROGER COFFELT have complained multiple times to Defendants about the accessibility problems referred to herein.  In so complaining, Plaintiffs have requested repair or remediation and adjustment of policies. For instance, because JEANNIE COFFELT has difficulty navigating non-compliant restrooms and bathing facilities, she at times requires or benefits from assistance by others, including her husband Plaintiff ROGER COFFELT.  Defendants responded to Plaintiffs complaints not by substantively improving ADA compliance, but by instead stigmatizing ROGER COFFELT for assisting his wife into the restroom and bathing facilities, and subjecting the Plaintiffs to increased scrutiny as to preserve rules.~~

148.     Plaintiff JEANNIE COFFELT has been discriminated against and continues to be discriminated against by Defendants in violation of the ADA in that she have been denied full access to Defendants' services and facilities due to architectural barriers.~~, and also because Defendants have failed to reasonably respond to her complaints without retaliation against her and those associated with her.~~

149.     ~~Plaintiff ROGER COFFELT has been discriminated against and continues to be discriminated against by Defendants in violation of the ADA in that Defendants have failed to reasonably respond to his complaints without retaliation against his wife and against him (on account of his association with his wife, a person with a disability).~~

150.     ~~As a direct and proximate result, both JEANNIE COFFELT and ROGER COFFELT have suffered actionable injury for the purposes of seeking injunctive relief under the Americans with Disabilities Act.~~

29

FIRST AMENDED COMPLAINT

151. ~~An award of attorneys and fees for this cause of action is provided for by statute.~~

### ~~FOURTH~~ CAUSE OF ACTION: VIOLATION OF CALIFORNIA UNRUH ACT BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

152. All prior paragraphs are incorporated by reference as though stated fully here.

153. Each and every act of discrimination in violation of the ADA against Plaintiff JEANNIE COFFELT constitutes a violation of the California Unruh Act at California Civil Code 51. *See,* Cal. Civil Code §§ 51, 51.5 ["(b) All persons within the jurisdiction of this state are free and equal, and no matter what their…disability…are entitled to the full and equal accommodations…in all business establishments of every kind… (f) A violation of the right of any individual under the federal Americans with Disabilities Act of 1990…shall also constitute a violation of this section.].

154. ~~Each and every act of discrimination in violation of the ADA against Plaintiff ROGER COFFELT constitutes a violation of the California Unruh Act at California Civil Code §§ 51, 51.5. See, *Osborne v. Yasmeh* (2016) 1 Cal. App. 5th 1118, 1134 ["a person has standing under section 51.5 if he or she is "associated with" the disabled person and has also personally experienced the discrimination."]~~

155. Plaintiffs JEANNIE COFFELT ~~and ROGER COFFELT~~ suffered injury and attendant damages for each and every act of discrimination. This includes but is not limited to deprivation of full and equal access to services, physical injury, non-economic injury to dignity and well-being, economic damages, and mitigation costs.

156. Each instance of discrimination gives rise to a claim of damages, including for actual damages, nominal damages, and statutory/exemplary damages of up to treble damages but in no event less than $4,000 per occasion of discrimination. Cal. Civil Code § 52.

157. An award of attorneys and fees for this cause of action is provided for by statute.

### FIFTH CAUSE OF ACTION:

### VIOLATION OF CAL. BUS. & PROF. CODE § 17200 – UNLAWFUL PRONG
### BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

158.     All prior paragraphs are incorporated by reference as though stated fully here.

159.     The wrongs complained of herein are unlawful violations of the statutes cited herein, including the Americans with Disabilities Act, Unruh Act, and building codes. These wrongs are part of a pattern and practice of Defendants to disregard, evade, or otherwise fail to comply with the Americans with Disabilities Act.

160.     Plaintiff JEANNIE COFFELT suffered economic loss as a direct and proximate result of the wrongs alleged herein, including but not limited to medical expenses associated with the Injury Incident as alleged herein.

161.     Plaintiff ROGER COFFELT suffered economic loss as a direct and proximate result of the wrongs alleged herein, including but not limited to mitigation expenses associated with the acts of retaliation, including but not limited to a period of time in which Plaintiffs were excluded from Defendants' properties despite their Membership in retaliation for complaints, and during which time Plaintiff ROGER COFFELT incurred expense of paying for an alternative location to locate Plaintiffs' RV.

162.     Defendants obtain money in the form of increased profits by failing to act in compliance with the Americans with Disabilities Act and Unruh Act. Money that would otherwise be spent bringing their property into compliance is wrongly retained by the company, as reflected by the 2017 Annual Report discussed herein.

163.     Plaintiffs request equitable relief within the discretion of the court, including but not limited to the injunctive relief requested in the Prayer below.

164.     Plaintiffs reserve the right to seek attorney fees and costs per the Cal. Private Attorney General Statute. *See*, Cal. Code of Civ. Proc. § 1021.5.

**SIXTH CAUSE OF ACTION:**

**VIOLATION OF CAL. BUS. & PROF. CODE § 17200 – UNFAIR PRONG**

**BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

165.    All prior paragraphs are incorporated by reference as though stated fully here.

166.    The wrongs complained of herein are unfair, and are tethered to violations of the statutes cited herein, including the Americans with Disabilities Act, Unruh Act, and building codes. *See, Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917.

167.    The wrongs complained of herein are unfair in that the injury to disabled customers of Defendants is substantial, is not outweighed by any countervailing legitimate benefits to customers or to competition, and is not an injury the custoemrs themselves could reasonably have avoided. *See, Daugherty v. American Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824.

168.    The wrongs complained of herein are unfair in that practice offends an established public policy as reflected in the ADA and Unruh Act, and is also immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers. *See, Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700.

169.    These wrongs are part of a pattern and practice of Defendants to disregard, evade, or otherwise fail to comply with the Americans with Disabilities Act.

170.    Plaintiff JEANNIE COFFELT suffered economic loss as a direct and proximate result of the wrongs alleged herein, including but not limited to medical expenses associated with the Injury Incident as alleged herein.

171.    Plaintiff ROGERCOFFELT suffered economic loss as a direct and proximate result of the wrongs alleged herein, including but not limited to mitigation expenses associated with the acts of retaliation, including but not limited to a period of time in which Plaintiffs were excluded from Defendants' properties despite their Membership in retaliation for complaints, and during which time Plaintiff ROGER COFFELT incurred expense of paying for an alternative location to locate Plaintiffs' RV.

172.    Defendants obtain money in the form of increased profits by failing to act in

32

FIRST AMENDED COMPLAINT

compliance with the Americans with Disabilities Act and Unruh Act. Money that would otherwise be spent bringing their property into compliance is wrongly retained by the company, as reflected by the 2017 Annual Report discussed herein.

173. Plaintiffs request equitable relief within the discretion of the court, including but not limited to the injunctive relief requested in the Prayer below.

174. Plaintiffs reserve the right to seek attorney fees and costs per the Cal. Private Attorney General Statute. *See*, Cal. Code of Civ. Proc. § 1021.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants, DOES 1 to 10, and each of them, as hereinafter follows:

*As to the first and second causes of action only (State Tort Claims):*

1. For non-economic damages according to proof.

2. For economic damages according to proof.

3. For punitive/exemplary damages according to proof.

*As to the third cause of action only (ADA):*

4. For an appropriate injunction within the discretion of the court designed to require Defendants to bring their operations into compliance with the Americans with Disabilities Act. Plaintiff respectfully suggests and appropriate injunction could include compelling Defendants: (1) to set an annual budget for an compliance program, the amount of which is set as a percentage of the prior year's annual net income/profit; (2) to establish an enterprise-wide system for receiving and responding to accessibility complaints; (3) providing for a monitoring/compliance period with appropriate funding paid by Defendants for a period of time after any judgment for Plaintiffs in this case.

5. For attorney fees per statute (including 42 U.S. Code § 12205);

33

FIRST AMENDED COMPLAINT

*As to the fourth cause of action only (Unruh Act):*

6. ~~For an appropriate injunction within the discretion of the court designed to require~~ ~~Defendants to bring their operations into compliance with the Americans with~~ ~~Disabilities Act. Plaintiff respectfully suggests and appropriate injunction could~~ ~~include compelling Defendants: (1) to set an annual budget for an compliance~~ ~~program, the amount of which is set as a percentage of the prior year's annual net~~ ~~income/profit; (2) to establish an enterprise-wide system for receiving and~~ ~~responding to accessibility complaints; (3) providing for a monitoring/compliance~~ ~~period with appropriate funding paid by Defendants for a period of time after any~~ ~~judgment for Plaintiffs in this case. Further, as to properties within California,~~ ~~Plaintiff pays for an injunction ordering Defendants to each of their preserves in~~ ~~California inspected within the next 12 months by a Certified Access Specialist~~ ~~within the meaning for the California Division of the State Architect's Voluntary~~ ~~Certified Access Specialist Program. See,~~ ~~http://www.dgs.ca.gov/dsa/Programs/programCert/casp.aspx;~~ ~~Cal Civil Code §§~~ ~~55.52, 1938.~~

7. ~~For non-economic damages according to proof.~~

8. For economic damages according to proof.

9. For statutory/exemplary damages according to proof, including per-occasion minimum statutory damages at the rate of no less than $4,000 per day in which JEANIE COFFELT stayed at one of Defendants' properties within the period commencing one year before filing this Complaint and continuing until the commencement of any trial in this matter.

10. For attorney fees per statute (including Cal. Civil Code § 52);

*As to the fifth and sixth causes of action only (UCL):*

11. ~~For an appropriate injunction within the discretion of the court designed to require~~ ~~Defendants to bring their operations into compliance with the Americans with~~

34

FIRST AMENDED COMPLAINT

Disabilities Act. Plaintiff respectfully suggests and appropriate injunction could include compelling Defendants: (1) to set an annual budget for an compliance program, the amount of which is set as a percentage of the prior year's annual net income/profit; (2) to establish an enterprise-wide system for receiving and responding to accessibility complaints; (3) providing for a monitoring/compliance period with appropriate funding paid by Defendants for a period of time after any judgment for Plaintiffs in this case. Further, as to properties within California, Plaintiff pays for an injunction ordering Defendants to each of their preserves in California inspected within the next 12 months by a Certified Access Specialist within the meaning for the California Division of the State Architect's Voluntary Certified Access Specialist Program. See, http://www.dgs.ca.gov/dsa/Programs/programCert/casp.aspx; Cal Civil Code §§ 55.52, 1938.

12. For restitution according to proof;

13. For attorney fees per statute (including Cal. Code of Civ. Proc. §1021.5);

*As to all causes of action*

14. For costs of suit;

15. For pre-judgment interest as may be allowed by law;

16. For such other and further relief as the court deems proper.

//

//

//

//

35

FIRST AMENDED COMPLAINT

For the purposes of due process and default judgment Plaintiffs set forth a prayer of $4 Million (Four Million), understanding this amount be arrived at for reservation of rights for these purposes and is subject to change, including increase, during litigation of this matter.

Dated: October ___, 2019    CLAYEO C. ARNOLD, APC

           By: /s/ Joshua H. Watson
              Joshua H. Watson
              CLAYEO C. ARNOLD, APC

              Darren Guez
              THE DARREN GUEZ LAW FIRM

              *Attorneys for Plaintiff*
              *ROGER COFFELT*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury.

Dated: October ___, 2019    CLAYEO C. ARNOLD, APC

           By: /s/ Joshua H. Watson
              Joshua H. Watson
              CLAYEO C. ARNOLD, APC

              Darren Guez
              THE DARREN GUEZ LAW FIRM

              *Attorneys for Plaintiffs*
              *ROGER COFFELT*

36

FIRST AMENDED COMPLAINT

Case 5:18-cv-02186-CJC-SP   Document 35-1   Filed 02/14/20   Page 1 of 1   Page ID #:544



Quiet Hours from 11 PM to 7 AM.
Please no smoking in any buildings or
pool complex. This includes "E-Cigarettes."

NO TENTS ON GRASS AREAS.
WE HAVE AUTOMATIC SPRINKLERS.

**Wilderness Lakes RV Resort**

30605 Briggs Road | Menifee, CA 92584 | Riverside County

**LEGEND**

Regular Usage Extended Stay 30-Amp
Pay Phone
Fire Hydrant
Laundry
Restrooms
Showers
Nature Center / Fire Ring
Fish Cleaning Station
Recycling (Mixed)
Dump Station
Propane
Gazebo
Tennis/Pickleball Court
Basketball
Volleyball
Shuffleboard
Horseshoes
Mini-Golf
Walking Trail

20/30/50 Amp Sites
Leased Sites / Present Future 30-Amp
Regular Usage Sites 30-Amp
Electric-Only 30 Amp
Cabin
Getaway Cabin
Vacation Rental Trailer
Resort Operations
Adult Lodge
Family Lodge / Kitchen
Fitness Center
Kids' Room
Activities Office
Ranger Station
Information / Sales Office
Handicap Sites

**Exhibit A**

**Exhibit B - Declaration re Survival Action**

**Declaration of Roger Coffelt**

I, Roger B. Coffelt, declare the following to be true:

1. I am over 18 years of age. I have personal knowledge of the matters stated herein. If called as a witness, I could and would testify as stated here.

2. I was married to Jeannie M. Coffelt from November 23, 1994 until her death on September 24, 2019.

3. Jeannie M. Coffelt died in Temecula, California.

4. No proceeding is now pending in California for administration of Jeannie M. Coffelt's estate.

5. I am Jeanie M. Coffelt's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and I succeed to her interest in her claims arising from disability discrimination by Equity Lifestyle Properties Inc. and its affiliates as set out in matter of *Coffelt v Equity Lifestyle Properties, et al*, U.S. District Court for the Central District of California, Case No. 5:18-cv-02186-CJC-SP, to be refiled in the Superior Court of California.

6. No other person has a superior right to me to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

7. A true and correct copy of Jeannie M. Coffelt's Certified Death Certificate is attached hereto. I recognize this document because I received it after my wife passed away.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in _____Altoona_____ (city), ____Iowa____ (state) on

____7/3/2020____ date.

Signed: 

DocuSigned by:

Reece

374A7CC17C82407...

Roger B. Coffelt

# COUNTY OF RIVERSIDE

## RIVERSIDE, CALIFORNIA

**CERTIFICATION OF VITAL RECORD**

**CERTIFICATE OF DEATH**

STATE OF CALIFORNIA
USE BLACK INK ONLY / NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11 (REV. 3/06)

3052019195365

STATE FILE NUMBER

3201933012092

LOCAL REGISTRATION NUMBER

| Field | Value |
|---|---|
| 1. NAME OF DECEDENT—FIRST (Given) | JEANNIE |
| 2. MIDDLE | MARIE |
| 3. LAST (Family) | COFFELT |
| AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST) | |
| 4. DATE OF BIRTH mm/dd/ccyy | |
| 5. AGE Yrs. | 43 |
| 6. SEX | F |
| 7. BIRTH STATE/FOREIGN COUNTRY | CA |
| 10. SOCIAL SECURITY NUMBER | |
| 11. EVER IN U.S. ARMED FORCES? | YES / [X] NO / UNK |
| 12. MARITAL STATUS/SRDP (at Time of Death) | MARRIED |
| 7. DATE OF DEATH mm/dd/ccyy | 09/24/2019 |
| 8. HOUR (24 Hours) | 1830 |
| 13. EDUCATION – Highest Level/Degree | DOCTORATE |
| 14/15. WAS DECEDENT HISPANIC/LATINO/A/SPANISH? (if yes, see worksheet on back) | YES / [X] NO |
| 16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back) | WHITE |
| 17. USUAL OCCUPATION – Type or work for most of life, DO NOT USE RETIRED | VETERINARIAN |
| 18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.) | ANIMAL HEALTH CARE |
| 19. YEARS IN OCCUPATION | 10 |
| 20. DECEDENT'S RESIDENCE (Street and number, or location) | 30605 BRIGGS ROAD |
| 21. CITY | MENIFEE |
| 22. COUNTY/PROVINCE | RIVERSIDE |
| 23. ZIP CODE | 92584 |
| 24. YEARS IN COUNTY | 10 |
| 25. STATE/FOREIGN COUNTRY | CA |
| 26. INFORMANT'S NAME, RELATIONSHIP | ROGER COFFELT, HUSBAND |
| 27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip) | 30605 BRIGGS ROAD, MENIFEE, CA 92584 |
| 28. NAME OF SURVIVING SPOUSE/SRDP—FIRST | ROGER |
| 29. MIDDLE | BENTON |
| 30. LAST (BIRTH NAME) | COFFELT |
| 31. NAME OF FATHER/PARENT—FIRST | MICHAEL |
| 32. MIDDLE | CURTIS |
| 33. LAST | SIZEMORE |
| 34. BIRTH STATE | UNKNOWN |
| 35. NAME OF MOTHER/PARENT—FIRST | BONNIE |
| 36. MIDDLE | ANN |
| 37. LAST (BIRTH NAME) | BUSH |
| 88. BIRTH STATE | MI |
| 39. DISPOSITION DATE mm/dd/ccyy | 09/30/2019 |
| 40. PLACE OF FINAL DISPOSITION | RES., ROGER COFFELT 30605 BRIGGS ROAD, MENIFEE, CA 92584 |
| 41. TYPE OF DISPOSITION(S) | CR/RES |
| 42. SIGNATURE OF EMBALMER | NOT EMBALMED |
| 43. LICENSE NUMBER | – |
| 44. NAME OF FUNERAL ESTABLISHMENT | EVANS BROWN SUN CITY MORTUARY |
| 45. LICENSE NUMBER | FD1225 |
| 46. SIGNATURE OF LOCAL REGISTRAR | CAMERON KAISER, MD |
| 47. DATE mm/dd/ccyy | 09/30/2019 |

| Field | Value |
|---|---|
| 101. PLACE OF DEATH | TEMECULA VALLEY HOSPITAL |
| 102. IF HOSPITAL, SPECIFY ONE | [X] IP / ER/OP / DOA |
| 103. IF OTHER THAN HOSPITAL, SPECIFY ONE | Hospice / Nursing Home/LTC / Decedent's Home / Other |
| 104. COUNTY | RIVERSIDE |
| 105. FACILITY ADDRESS (Street and number or location) | 31700 TEMECULA PARKWAY |
| 106. CITY | TEMECULA |
| 107. CAUSE OF DEATH | IMMEDIATE CAUSE (Final disease or condition resulting in death) (A) CARDIAC ARREST |
| | Time Interval Between Onset and Death: MINS |
| 108. DEATH REPORTED TO CORONER? | [X] YES / NO |
| | Sequentially, list conditions, if any, leading to cause on Line A. Enter UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST (B) SEPTIC SHOCK |
| | HOURS |
| 109. BIOPSY PERFORMED? | YES / [X] NO |
| | (C) GANGRENOUS FOOT UNKNOWN NATURAL ETIOLOGY |
| | MONS |
| 110. AUTOPSY PERFORMED? | YES / [X] NO |
| | (D) |
| 111. USED IN DETERMINING CAUSE? | YES / NO |
| 112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107 | NONE |
| 113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (if yes, list type of operation and date.) | NO |
| 113A. IF FEMALE, PREGNANT IN LAST YEAR? | YES / [X] NO / UNK |

| Field | Value |
|---|---|
| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. | |
| 115. SIGNATURE AND TITLE OF CERTIFIER | HASSAN ATEF HADDADIN M.D. |
| 116. LICENSE NUMBER | C54163 |
| 117. DATE mm/dd/ccyy | 09/27/2019 |
| Decedent Attended Since (A) mm/dd/ccyy | 09/24/2019 |
| Decedent Last Seen Alive (B) mm/dd/ccyy | 09/24/2019 |
| 118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE | HASSAN ATEF HADDADIN M.D. 31700 TEMECULA PARKWAY, TEMECULA, CA 92592 |
| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. MANNER OF DEATH | Natural / Accident / Homicide / Suicide / Pending Investigation / Could not be Determined |
| 120. INJURED AT WORK? | YES / NO / UNK |
| 121. INJURY DATE mm/dd/ccyy | |
| 122. HOUR (24 Hours) | |
| 123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.) | |
| 124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury) | |
| 125. LOCATION OF INJURY (Street and number, or location, and city, and zip) | |
| 126. SIGNATURE OF CORONER / DEPUTY CORONER | |
| 127. DATE mm/dd/ccyy | |
| 128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER | |

| STATE REGISTRAR | A | B | C | D | E | | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|
| | | | | | | *010001004323315* | | |

## CERTIFIED COPY OF VITAL RECORD

STATE OF CALIFORNIA
COUNTY OF RIVERSIDE } SS

This is a true and exact reproduction of the document officially registered and placed on file by the Riverside University Health System, Department of Public Health.

*0017428444*

**DATE ISSUED** Oct 1, 2019

Dr. Cameron Kaiser, M.D., County Health Officer
RIVERSIDE COUNTY, CALIFORNIA

This copy is not valid unless prepared on an engraved border, displaying the date, seal, and signature of the Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

- ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
- ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
- ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
- ☐ **HEMET** 880 N. State St., Hemet, CA 92543
- ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

- ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
- ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
- ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501
- ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591

RI-CI032

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| Joshua H. Watson, SN 238058<br>Clayeo C. Arnold, PC.<br>865 Howe Ave<br>Sacramento, CA 95825<br><br>TELEPHONE NO: 916-777-7777   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): jwatson@justice4you.com<br>ATTORNEY FOR (Name): Plaintiff Roger Coffelt | |
| PLAINTIFF/PETITIONER: Roger Coffelt | |
| DEFENDANT/RESPONDENT: Equity Lifestyle Properties, et al. | CASE NUMBER: |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:  92584

☐   The action concerns real property located in the zip code of:  _____

☐   The Defendant resides in the zip code of:  _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  7/13/2020

Joshua H. Watson
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

►  _____
(SIGNATURE)

**Page 1 of 1**

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

### NOTICE OF DEPARTMENT ASSIGNMENT FOR ALL PURPOSES
### AND NOTICE OF CASE MANAGEMENT CONFERENCE

COFFELT VS EQUITY

**LM**

JUL 2 4 2020

CASE NO. RIC2002802

This case is assigned to the Honorable Judge Daniel A Ottolia in Department 04 for all purposes, including trial.

The Case Management Conference is scheduled for 01/13/21 at  8:30 in Department 04.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6  shall be filed in accordance with that section. The court follows California Rules of Court, Rule 3.1308(a) (1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the Internet by 3:00 pm on the court day immediately before the hearing at <http://www.riverside.courts.ca.gov/tentativerulings.shtml>. If you do not have internet access, you may obtain the tentative ruling by telephone at (760)904-5722.

To request oral argument, not later than 4:30 pm on the court day before the hearing you must (1) notify the judicial secretary at (760)904-5722 and (2) inform all other parties. If no request for oral argument is made by 4:30 pm, the tentative ruling will become the final ruling on the matter effective the date of the hearing.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 07/23/20                by: *Lourdes Melendrez*

LOURDES P MELENDREZ, Deputy Clerk

cdacmc
12/9/19

**Mailing List**

Notice 'CDACMC' has been printed for the following Attorneys/Firms
or Parties for Case Number RIC2002802 on  7/23/20:


   CLAYEO C ARNOLD A PROFESSIONAL COR
   865 HOWE AVE
   SACRAMENTO, CA 95825

Clayeo C. Arnold, SBN 65070
JOSHUA H. WATSON, SBN 238058
CLAYEO C. ARNOLD, APC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Darren Guez, SBN 282023
THE DARREN GUEZ LAW FIRM
1810 S St
Sacramento, CA 95811
Telephone: (916) 520-0988
Email: darren@guezlaw.com

Attorneys for Plaintiffs
*Roger Coffelt Jr. as*
*successor in interest to*
*Jeannie Coffelt*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### RIVERSIDE COUNTY

| | |
|---|---|
| ROGER COFFELT as successor in interest to JEANNIE COFFELT,<br><br>Plaintiffs,<br><br>vs.<br><br>EQUITY LIFESTYLE PROPERTIES, INC., THOUSAND TRAILS MANAGEMENT SERVICES, INC., MHC THOUSAND TRAILS LIMITED PARTNERSHIP, MHC NAC, L.L.C., MHC PROPERTY MANAGEMENT LP, and DOES 3 through 10, inclusive,<br><br>Defendants. | Case No.:  RIC2002802<br><br>NOTICE OF MOTION AND MOTION TO AMEND FILING DATE OF COMPLAINT *NUNC PRO TUNC*; MEMORANDUM; DECLARATION; PROOF OF SERVICE<br><br>Date:      October 19, 2020<br>Time:     8:30 am<br>Dept:     4<br>Judge:    Hon. Daniel A Ottolia<br><br>Reservation No. RES221802 |

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:  PLEASE TAKE NOTICE:

On the date, time, and place above, Plaintiff ROGER COFFELT will and hereby does move the Court for an order changing the filing date of the Complaint *nunc pro tunc* to July 6, 2020.  Plaintiff, whose counsel generally practices in Sacramento, submitted the Complaint (with proposed Summons and California Civil Cover Sheet) electronically without including a local form regarding venue.  The Complaint includes an allegation specifically indicating the address within Riverside County at issue.  (Complaint, para 39(a).)

The Court Clerk rejected the filing due to the missing form, requested that Plaintiff re-submit the Complaint with the local form, and refused to date the Complaint as filed when initially submitted.  The Court Clerk indicated a motion was necessary to correct the filing date.

This motion is based on California Rule of Court 3.220(c):

> "If a party that is required to provide a cover sheet under this rule or a similar local rule fails to do so or provides a defective or incomplete cover sheet at the time the party's first paper is submitted for filing, the clerk of the court must file the paper. Failure of a party or a party's counsel to file a cover sheet as required by this rule may subject that party, its counsel, or both, to sanctions under rule 2.30."

This motion is further based on *Mito v. Temple Recycling Ctr. Corp.* (2010) 187 Cal. App. 4th 276:

> "Plaintiffs presented their complaint for filing to the superior court clerk … within the applicable two-year statute of limitations. The clerk rejected it on the ground that plaintiffs failed to attach the 'Civil Case Cover Sheet Addendum and Statement of Location' (the Cover Sheet) required by a local court rule. Plaintiffs contend that California Rules of Court, rule 3220, subdivision (c), required the clerk to file the complaint despite absence of the 'Cover Sheet.' We agree…"
> *Mito v. Temple Recycling Ctr. Corp.* (2010) 187 Cal. App. 4th 276, 278.

MOTION TO AMEND FILING DATE OF COMPLAINT *NUNC PRO TUNC*

This motion is further based on this notice, the accompanying memorandum, declaration, and exhibits, as well as such material as may be presented in opposition and reply papers or any argument.

Counsel for Plaintiff of course understands that the Court may issue monetary sanctions as appropriate in the Court's discretion.

Dated: September 22, 2020                    CLAYEO C. ARNOLD, APC


                                    By:  _____
                                         Joshua H. Watson
                                         CLAYEO C. ARNOLD, APC

                                         Darren Guez
                                         THE DARREN GUEZ LAW FIRM

                                         *Attorneys for Plaintiff*
                                         *ROGER COFFELT*

## MEMORANDUM

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

This case is a civil rights matter concerning access for the disabled at RV parks operated under the "Thousand Trails" brand in California.  The matter was filed by a husband and wife in federal court.  Plaintiff Jeanie Coffelt alleged she suffered serious physical injury to her foot as a result of violations of construction standards related to the Americans with Disabilities Act ("ADA").  She sought an injunction to remediate accessibility problems, and damages.  Her husband, Roger Coffelt, was also a plaintiff.

Ms. Coffelt died.  Plaintiff would say her death was related to the injury in the suit. Defendants would deny that.  In any event, when she died, any rights to an injunction under the ADA passed with her (and this case does not involve the death itself).  The federal court found that it lacked jurisdiction after Ms. Coffelt's death.  Plaintiff needed to refile in Superior Court. Without belaboring the point, Plaintiff and his counsel view the remaining portion of the case as important to resolving civil rights issues.  This is not so-called "drive by" disability litigation. There is a related case still in federal court, and the plaintiffs in both matters hope for fair compensation and meaningful change that will benefit disabled persons living in RV parks throughout the State.

**II.   PROCEDURAL BACKGROUND**

Plaintiff, Mr. Coffelt, electronically submitted a complaint for a survival action in Superior Court of California, Riverside on July 3, 2020.  This would have been effective Monday, July 6, 2020.  However, the complaint was not submitted with Riverside Superior's Certificate of Counsel local form.  Two attorneys representing Mr. Coffelt had checked the local forms page and local rules, but did not notice the Certificate of Counsel requirement as a requirement for filing a new Complaint.  Neither counsel regularly practices in Riverside Superior.  The requirement is not listed under any heading that includes the word "complaint." (Watson Declaration.)

The Court Clerk informed counsel for Mr. Coffelt that the filing would be rejected on July 13, 2020.  Counsel for Mr. Coffelt contacted the Court Clerk on the same day to request

that the filing be accepted subject to a deficiency notice.  Counsel spoke with "Freddy" in the clerk's office.  The Court Clerk did not have an immediate response, but indicated the office would look into the issue, and referred the matter to "Jamie," who was described as a supervisor.  Not hearing back, counsel for Mr. Coffelt again checked with the Court Clerk on July 17, 2020, speaking again with Freddy, who stated he recalled the matter and would check in with Jamie via email.  Later, on the same day, a Jamie contacted counsel for Mr. Coffelt, asked about the issue, and declined to accept the filing.  In the call, counsel provided Jamie with the authority of *Carlson v State of California* (1998) 68 Cal. App. 4th 1268 and *Mito v Temple Recycling Center Corp.* (2010) 113 Cal. Rptr. 3d 445.  After apparently looking into the matter, Jamie the told counsel that the complaint should be filed again, and a motion could be submitted to the Court.  Counsel for Mr. Coffelt again submitted the complaint and associated documents for filing on the same day (July 17, 2020).  The documents were accepted for filing on July 23, 2020.  This motion is to be served with the Complaint.  The spacing in time between the filing of the complaint and these papers is due to the press of business related to California wildfires.  (Watson Declaration.)

## III.  DISCUSSION

"So long as a paper complies with [Cal. Rules of Court for filing complaints], it is, in legal contemplation, 'filed' when presented to the clerk for filing."  *Carlson v. State of California Dep't of Fish & Game* (1998) 68 Cal. App. 4th 1268, 1281.  A court clerk may not refuse to file a complaint because it is not in conformity to local rules.  *Id.*

This is reflected in California Rule of Court 3.220(c):

> "If a party that is required to provide a cover sheet under this rule or a similar local rule fails to do so or provides a defective or incomplete cover sheet at the time the party's first paper is submitted for filing, the clerk of the court must file the paper. Failure of a party or a party's counsel to file a cover sheet as required by this rule may subject that party, its counsel, or both, to sanctions under rule 2.30."

Thus, in *Mito v. Temple Recycling Ctr. Corp.* (2010) 187 Cal. App. 4th 276:

"Plaintiffs presented their complaint for filing to the superior court clerk … within the applicable two-year statute of limitations. The clerk rejected it on the ground that plaintiffs failed to attach the 'Civil Case Cover Sheet Addendum and Statement of Location' (the Cover Sheet) required by a local court rule. Plaintiffs contend that California Rules of Court, rule 3220, subdivision (c), required the clerk to file the complaint despite absence of the 'Cover Sheet.' We agree…"

*Mito v. Temple Recycling Ctr. Corp.* (2010) 187 Cal. App. 4th 276, 278.

This rule is not subject to any CCP § 473(c)-type good cause or excusable neglect requirement.  Instead, Rule 3.220 permits the Court to issue an appropriate sanction to counsel who submit a complaint that is not in compliance with local rules, but the complaint must still be filed and dated when presented to the clerk.

In this case, the Court Clerk's office indicated via Freddy that the precise filing date need not be of any concern given emergency court orders tolling statutes of limitation within the State. (Watson Declaration.)  For instance, Emergency Rule of Court 6 provides:

(a)     Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020.

(b)     Notwithstanding any other law, the statutes of limitations and repose for civil 14 causes of action that are 180 days or less are tolled from April 6, 2020, until August 3, 2020.

Nevertheless, the litigation of this matter will be streamlined if the Complaint is dated as initially submitted for filing.

MOTION TO AMEND FILING DATE OF COMPLAINT *NUNC PRO TUNC*

**IV.     CONCLUSION**

Plaintiff respectfully requests that the filing date for the Complaint in this matter be adjusted *nunc pro tunc* to July 6, 2020.

Respectfully submitted,

Dated: September 22, 2020                    CLAYEO C. ARNOLD, APC

                                         By: _____
                                             Joshua H. Watson
                                             CLAYEO C. ARNOLD, APC

                                             Darren Guez
                                             THE DARREN GUEZ LAW FIRM

                                             *Attorneys for Plaintiff*
                                             *ROGER COFFELT*

MOTION TO AMEND FILING DATE OF COMPLAINT *NUNC PRO TUNC*

## <u>DECLARATION OF JOSHUA H. WATSON</u>

I, Joshua H. Watson, declare the following to be true:

1.    I am an attorney licensed to practice in the State of California.  I practice at Clayeo C. Arnold, PC, counsel of record for Plaintiff Roger Coffelt in this matter.  I have personal knowledge of the matters stated herein.  If called to testify as a witness, I could and would testify as stated herein.

2.    This matter, *Coffelt v Equity Lifestyle Properties, Inc.* was initially filed in the U.S. District Court for the Central District of California, and was before Judge Carney.  The complaint alleged that Plaintiff Jeannie Coffelt was disabled and suffered injury and diminished service at RV parks operated by Defendants.  Plaintiff Roger Coffelt, Jeannie's spouse, asserted related but largely derivative claims.

3.    The U.S. District Court had jurisdiction on account of federal question.  The complaint requested an injunction pursuant to the U.S. Americans with Disabilities Act.  The complaint also sought damages and injunction pursuant to the California Unruh Act, Civil Code §51.

4.    The complaint also alleged diversity jurisdiction.

5.    Jeannie Coffelt passed away during litigation.  By operation of law, her requests for injunction became moot.

6.    Defendants demonstrated to the U.S. District Court's satisfaction that there was a lack of diversity jurisdiction since some owners of some of the defendants resided in California.  The matter was dismissed, to be refiled in California Superior Court.

7.    I submitted the complaint in this matter to the eSubmit system of California Superior Court, County of Riverside on July 3, 2020.  Before doing so, I asked a colleague, an attorney, to review the list of local forms.  I also briefly reviewed the list of local forms and the local rules.  Neither of us noticed the requirement under the local rules to file the complaint with an additional document stating the venue of the action.

8.    I have since learned of the local rule to file a Certificate of Counsel form with new complaints.  I respectfully note that the requirement for the form as a matter is not

MOTION TO AMEND FILING DATE OF COMPLAINT *NUNC PRO TUNC*

worded in a manner that places it prominently next to references to filing a "complaint."

9.     Prior to submitting the complaint for filing, I reviewed the online training material for eSubmit, and watched the video tutorial provided at the Court's website. At the time I viewed the video, I noted that the video addressed submission of a new complaint. I did not note any reference to the Certificate of Counsel form in the Court's tutorial video, even though the tutorial used a new complaint filing as one of its examples.

10.    My reference to the video, training materials, and local rules is offered simply to note that I attempted to exercise diligence in submitting the Complaint, and not as any aspersion on any of the Court's document.

11.    I submitted the Complaint, Civil Cover Sheet, and Proposed Summons on July 3, 2020. Due to a weekend, I had expected the Complaint to be marked as filed on July 6, 2020.

12.    On July 13, 2020, I received an email from the Court Clerk that the document had been rejected because it did not include the Certificate of Counsel form. I called the Court Clerk that same day and requested that the Complaint be marked as filed in accordance with the date it was submitted. I raised the topic that a deficiency notice might be sent, and that perhaps the summons could be withheld until compliance with the local rule. I had this conversation with a person identified as "Freddy" at the Court Clerk's office. Freddy did not have an immediate response, but indicated that the office would look into the issue, and referred me to "Jamie," whom I understood to be a supervisor.

13.    On July 17, 2020, I had not heard back from the Court Clerk, so I called again. I spoke again with Freddy. He said he recalled the issue, and indicated he would remind Jamie via email.

14.    Later on July 17, 2020, I spoke with Jamie vie phone. I explained the situation, and provided citation to the cases of *Carlson v State of California* (1998) 68 Cal. App. 4th 1268 and *Mito v Temple Recycling Center Corp.* (2010) 113 Cal. Rptr. 3d 445.

15.    Jamie subsequently informed me that I needed to resubmit the complaint package again, and include a comment for her attention. She said the complaint package would not be dated as filed when initially submitted, but that I could file a motion requesting a

MOTION TO AMEND FILING DATE OF COMPLAINT *NUNC PRO TUNC*

correction of the date.

16. Jamie also stated that the Court Clerk was not able to file a new case without the Certificate of Counsel form because of the way the Court's computer system was set up.

17. I submitted the documents again on July 17, 2020.  The only difference between the documents I uploaded to eSubmit on July 17, 2020 and July 3, 2020 was that the newer filing also included the Certificate of Counsel local form.  That is, I uploaded the same PDFs for the Complaint, Civil Cover Sheet, and Proposed Summons on both occasions.

18. I received notice on July 23, 2020 that the complaint package was accepted for filing.

19. I intend to effect service of these motion papers with the Complaint.

20. The space in time between July 23, 2020 and the filing of this motion is a consequence of the press of business and strain on resources in my office related to California wildfires.

21. I apologize to the Court for any inconvenience caused by not including the Certificate of Counsel form with the complaint package.  Although I sought to act diligently and in compliance with the local rules, I of course understand that the court is authorized to issue sanctions pursuant to California Rule of Court 3.220.

The foregoing is true and correct under penalty of perjury pursuant to the law of the State of California.  Executed on September 22, 2020 in Sacramento, California.

Signed: _____

Joshua H. Watson

MOTION TO AMEND FILING DATE OF COMPLAINT *NUNC PRO TUNC*

**PROOF OF SERVICE**

*Coffelt v. Equity Lifestyle Properties, et al.*
Superior Court of California, County of Riverside.  Case No.   RIC2002802

I, Joshua H.Watson, declare and state:

I am a citizen of the United States, over 18 years of age, employed in the county of Sacramento, and not a party to the within action.  My business address is 865 Howe Avenue, Sacramento, CA 95825.
 On the date below, I caused the within NOTICE OF MOTION AND MOTION TO AMEND FILING DATE OF COMPLAINT NUNC PRO TUNC; MEMORANDUM; DECLARATION; PROOF OF SERVICE to be served on the following parties in said action by the means indicated below:

[]   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California.  I am familiar with my firm's practice whereby the mail is given the appropriate postage and is placed in the designated area to be deposited in a U.S. mail box in Sacramento, California, in the ordinary course of business;

[]   (BY EXPRESS MAIL) I caused such envelope to be placed in the U.S. Mail/UPS depository at Sacramento, California; overnight service;

[]   (BY PERSONAL SERVICE) I delivered by hand to addressee at the address listed below;

[X]   (BY TRANSMITTING VIA EMAIL OR ELECTRONIC TRANSMISSION) I emailed the document(s) listed above to the addressees listed on the attached service list at the email addresses listed thereon.
 *Courtesy email service on counsel for Defendants as noted on service list.*

[X]   (BY PROCESS SERVER) I retained a process server to make personal service on each recipient on the attached service list.  The process server's proof of service will be filed hereafter.
 *Process server to effectuate service on all parties, but not on counsel.*

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.  Executed on September 22, 2020, at Sacramento, California.

Joshua H. Watson

MOTION TO AMEND FILING DATE OF COMPLAINT *NUNC PRO TUNC*

## <u>SERVICE LIST</u>

<u>*Parties Served:*</u>

EQUITY LIFESTYLE PROPERTIES, INC.
c/o Agent for Service, CT Corporation System
818 West Seventh Street, Ste 930
Los Angeles, CA 90017

THOUSAND TRAILS MANAGEMENT SERVICES, INC.
c/o Agent for Service, CT Corporation System
818 West Seventh Street, Ste 930
Los Angeles, CA 90017

MHC NAC, L.L.C.
c/o Agent for Service, CT Corporation System
818 West Seventh Street, Ste 930
Los Angeles, CA 90017

MHC PROPERTY MANAGEMENT LP
c/o Agent for Service, CT Corporation System
818 West Seventh Street, Ste 930
Los Angeles, CA 90017

MHC THOUSAND TRAILS LIMITED PARTNERSHIP
Two N. Riverside Plaza, Suite 800
Chicago, IL 60606

<u>*Courtesy Copy to Defense Counsel:*</u>
David Raizman, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-438-1285
Fax: 213-239-9045
Email: david.raizman@ogletree.com

MOTION TO AMEND FILING DATE OF COMPLAINT *NUNC PRO TUNC*

1  Clayeo C. Arnold, SBN 65070
   JOSHUA H. WATSON, SBN 238058
2  CLAYEO C. ARNOLD, APC
   865 Howe Avenue
3  Sacramento, CA 95825
   Telephone: (916) 777-7777
4  Facsimile: (916) 924-1829
   Email: jwatson@justice4you.com
5
6  Darren Guez, SBN 282023
   THE DARREN GUEZ LAW FIRM
7  1810 S St
   Sacramento, CA 95811
8  Telephone: (916) 520-0988
   Email: darren@guezlaw.com
9
10
   Attorneys for Plaintiffs
11 *Roger Coffelt Jr. as*
   *successor in interest to*
12 *Jeannie Coffelt*
13
               SUPERIOR COURT OF THE STATE OF CALIFORNIA
14
                              RIVERSIDE COUNTY
15

| | |
|---|---|
| 16  ROGER COFFELT as successor in interest to JEANNIE COFFELT, | Case No.:  RIC2002802 |
| 17 | [Proposed] ORDER ON PLAINTIFF'S |
| 18               Plaintiffs, | MOTION TO AMEND FILING DATE OF COMPLAINT *NUNC PRO TUNC* |
| 19       vs. | Date:          October 19, 2020 |
| 20  EQUITY LIFESTYLE PROPERTIES, INC., | Time:          8:30 am |
| 21  THOUSAND TRAILS MANAGEMENT | Dept:          4 |
|     SERVICES, INC., MHC THOUSAND | Judge:         Hon. Daniel A Ottolia |
| 22  TRAILS LIMITED PARTNERSHIP, MHC | |
|     NAC, L.L.C., MHC PROPERTY | Reservation No. RES221802 |
| 23  MANAGEMENT LP, and DOES 3 through | |
| 24  10, inclusive, | |
| 25               Defendants. | |

26
27
28
                                       1
          [Proposed] ORDER ON MOTION TO AMEND FILING DATE OF COMPLAINT
                              *NUNC PRO TUNC*

On October 19, 2020, the Court heard Plaintiff ROGER COFFELT's Motion to Amend Filing Date of Complaint Nunc Pro Tunc.  Having considered the moving papers and any opposition, reply, and argument, and finding good cause, the Court order as indicated below:

[   ]   The motion is GRANTED.  The Complaint in this matter is deemed to have been filed July 6, 2020.

[   ]   The motion is DENIED.

[   ]   Further: _____

_____

_____

_____

IT IS SO ORDERED.

Dated: October ___, 2020

Signed:   _____
Hon. Daniel A Ottolia
Judge, Superior Court of California

2

[Proposed] ORDER ON MOTION TO AMEND FILING DATE OF COMPLAINT
*NUNC PRO TUNC*

**PROOF OF SERVICE**

*Coffelt v. Equity Lifestyle Properties, et al.*
Superior Court of California, County of Riverside.  Case No.   RIC2002802

I, Joshua H.Watson, declare and state:

I am a citizen of the United States, over 18 years of age, employed in the county of Sacramento, and not a party to the within action.  My business address is 865 Howe Avenue, Sacramento, CA 95825.
  On the date below, I caused the within [Proposed] ORDER ON PLAINTIFF'S MOTION TO AMEND FILING DATE OF COMPLAINT NUNC PRO TUNC to be served on the following parties in said action by the means indicated below:

[] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California.  I am familiar with my firm's practice whereby the mail is given the appropriate postage and is placed in the designated area to be deposited in a U.S. mail box in Sacramento, California, in the ordinary course of business;

[] (BY EXPRESS MAIL) I caused such envelope to be placed in the U.S. Mail/UPS depository at Sacramento, California; overnight service;

[] (BY PERSONAL SERVICE) I delivered by hand to addressee at the address listed below;

[X] (BY TRANSMITTING VIA EMAIL OR ELECTRONIC TRANSMISSION) I emailed the document(s) listed above to the addressees listed on the attached service list at the email addresses listed thereon.
  *Courtesy email service on counsel for Defendants as noted on service list.*

[X] (BY PROCESS SERVER) I retained a process server to make personal service on each recipient on the attached service list.  The process server's proof of service will be filed hereafter.
  *Process server to effectuate service on all parties, but not on counsel.*

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.  Executed on September 22, 2020, at Sacramento, California.


_____
Joshua H. Watson

[Proposed] ORDER ON MOTION TO AMEND FILING DATE OF COMPLAINT
*NUNC PRO TUNC*

# SERVICE LIST

*Parties Served:*

EQUITY LIFESTYLE PROPERTIES, INC.
c/o Agent for Service, CT Corporation System
818 West Seventh Street, Ste 930
Los Angeles, CA 90017

THOUSAND TRAILS MANAGEMENT SERVICES, INC.
c/o Agent for Service, CT Corporation System
818 West Seventh Street, Ste 930
Los Angeles, CA 90017

MHC NAC, L.L.C.
c/o Agent for Service, CT Corporation System
818 West Seventh Street, Ste 930
Los Angeles, CA 90017

MHC PROPERTY MANAGEMENT LP
c/o Agent for Service, CT Corporation System
818 West Seventh Street, Ste 930
Los Angeles, CA 90017

MHC THOUSAND TRAILS LIMITED PARTNERSHIP
Two N. Riverside Plaza, Suite 800
Chicago, IL 60606

*Courtesy Copy to Defense Counsel:*
David Raizman, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-438-1285
Fax: 213-239-9045
Email: david.raizman@ogletree.com

[Proposed] ORDER ON MOTION TO AMEND FILING DATE OF COMPLAINT
*NUNC PRO TUNC*